IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CT-3214-M

| | | |
|---|---|---|
| CORNELIUS BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KAYLA FOSTER and ROBERT | ) | |
| DAUGHERTY, | ) | |
| | ) | |
| Defendants.[1] | ) | |

This matter is before the court on defendants' motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (D.E. 16, 26). Plaintiff responded to both motions. For the reasons that follow, the court grants defendants' motions.

PROCEDURAL HISTORY

Plaintiff, a former state pretrial detainee proceeding pro se, filed this action on July 1, 2020. He asserts claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. (See Compl. (D.E. 1)). Plaintiff names two officers at the Lenoir County Jail as defendants: (1) Kayla Foster ("Foster"), a corporal, and (2) Robert Daugherty ("Daugherty"), a captain. (Id. at 3–4). Plaintiff alleges defendants retaliated against him for filing lawsuits and grievances against them in violation of the Fourteenth Amendment of the United States Constitution. (Id. at 5). As relief, plaintiff seeks "$100,000.00 in each [d]efendant['s] individual capacity and [] $100,000.00 in each defendant['s] official capacity and for the facility captain to no longer single individuals out to be

---

[1]     Although plaintiff named "Robert Daughtry" as a defendant in this case, defendants respond that the correct spelling of this defendant's name is "Robert Daugherty." Therefore, the court directs the clerk to amend "Robert Daughtry" to "Robert Daugherty" on the docket.

criminally charged but charge all who commit the crime." (Id. at 8).

On July 9, 2021, the court conducted its initial review of the complaint and allowed the action to proceed. (July 9, 20201, Ord. (D.E. 10)). On August 10, 2021, defendant Daugherty filed a motion to dismiss arguing: (1) plaintiff failed to plausibly allege his constitutional rights were violated; (2) defendant is entitled to qualified immunity; and (3) plaintiff's claim for declaratory relief should be dismissed. (Def. Daugherty Mot. Dismiss (D.E. 16); Def. Daugherty Mem. (D.E. 17) at 5). Plaintiff responded in opposition on August 23, 2021. (Pl.'s First Resp. (D.E. 19)). On October 13, 2021, defendant Foster filed her motion to dismiss incorporating by reference the arguments in defendant Daugherty's motion to dismiss. (Def. Foster Mot. Dismiss (D.E. 26); Def. Foster Mem. (D.E. 27) at 1). Plaintiff filed a response in opposition on October 21, 2021. (Pl.'s Second Resp. (D.E. 30)).

## STATEMENT OF FACTS

Plaintiff's factual allegations are duplicated here:

> [Defendant] Foster imposed disciplinary against [plaintiff] for indecent exposure [September 11, 2019,] and again in March 2020. But after [he] filed a lawsuit against [defendant] [F]oster [on May 13, 2020.] She[,] in retaliation, criminally charged [plaintiff] on [June 12, 2020,] for [f]elony charges[] for the inc[i]dents of indecent exposure that occur[r]ed [September 11, 2019,] and [in] March 2020. No other inmate in the jail who has the same disciplinary action was subject to criminal charges. [Plaintiff] was singled out by [defendant] Foster due to [the] lawsuits and grievances [he] wrote. [Defendant] Foster also had [plaintiff] charged [eleven] times for the same felony for other officers who themselves did not press charges [against plaintiff]. [Defendant Daugherty] testif[ied] at a grand jury to indict [plaintiff] on the charges after [plaintiff] had already received disciplinary due to a lawsuit [plaintiff] filed on him. [Defendant Daugherty] has never charged any inmate criminally in this jail for [the] same conduct.

(Compl. (DE 1) at 5).

COURT'S DISCUSSION

I.    Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63 (2007); see also Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("[A motion to dismiss] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To withstand a motion to dismiss under Rule 12(b)(6), a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008).

"[I]n evaluating a Rule12(b)(6) motion to dismiss, a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); see also Iqbal, 556 U.S. at 679–80. However, the court will not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement" or "unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd., 591 F.3d at 255 (quotation marks and citations omitted). "Nor must [a court] accept as true allegations that contradict matters properly subject to judicial notice." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (internal quotation marks omitted). Although the court liberally construes pro se filings, Erickson v. Pardus, 551 U.S. 89, 94 (2007), all complaints must contain "more than labels and conclusions," Twombly, 550 U.S. at 555.

Case 5:20-ct-03214-M   Document 33   Filed 03/17/22   Page 3 of 6

II.     Analysis

The court now considers plaintiff's Fourteenth Amendment claims. As noted, plaintiff alleges that defendants instituted criminal proceedings against him in retaliation for filing lawsuits and grievances against them. (Compl. (D.E. 1) at 5). Although plaintiff states his claim is pursuant to the Fourteenth Amendment, his claims actually fall under the First Amendment.

To state a retaliation claim, a plaintiff must allege: "'(1) [ ]he engaged in protected First Amendment activity, (2) the defendant[ ] took some action that adversely affected [his] First Amendment rights, and (3) there was a causal relationship between [his] protected activity and the defendant['s] conduct.'" Martin v. Duffy, 858 F.3d 239, 249 (4th Cir. 2017) ("Martin I") (alterations in original) (quoting Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 499 (4th Cir. 2005)). Prisoner retaliation claims are treated "with skepticism because '[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct.'" Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (quoting Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994)). Bare assertions of retaliation do not establish a constitutional violation claim; the plaintiff must allege specific facts supporting the claim. Adams, 40 F.3d at 74–75.

The second element of retaliation requires plaintiff to allege that "the defendant's allegedly retaliatory conduct would likely deter 'a person of ordinary firmness' from the exercise of First Amendment rights." Constantine, 411 F.3d at 500 (quoting Washington v. County of Rockland, 373 F.3d 310, 320 (2d Cir. 2004)). Under the third element, plaintiff must allege his lawsuits and grievances were the "but for cause" of his criminal prosecution. Martin v. Duffy, 977 F.3d 294, 299 (4th Cir. 2020) ("Martin II"). "In order to establish this causal connection, a plaintiff in a retaliation case must show, at the very least, that the defendant was aware of [plaintiff's] protected

activity." Constantine, 411 F.3d at 501. The plaintiff must further show "some degree of temporal proximity to suggest a causal connection. Id.

Defendants contend that, while plaintiff has satisfied the first element, he does not adequately plead the second or third elements of a First Amendment retaliation claim. Assuming plaintiff has satisfied the second element, he has not adequately alleged the grievances and lawsuits he filed were the "but for cause" of his criminal prosecution for indecent exposure. Specifically, plaintiff fails to allege sufficient facts that either defendant was aware of his protected activities. Plaintiff provides no facts that defendant Foster was ever aware of plaintiff's grievances or lawsuits. Regarding defendant Daugherty, plaintiff alleges in his response,

> On [May 11, 2020,] [p]laintiff filed [a] civil action as [an] indigent[.] [T]he court ordered a copy of the [p]laintiff['s] trust fund history[.] On [May 12, 2020,] it was received by the [d]efendant[.] [T]he case name on that order was Cornelius Barnes v. Kayla Foster, letting [d]efendant know at that time [p]laintiff had brought or was attempting to bring [a] civil action against the jail.

(Pl.'s Resp. (D.E. 10) at 2). Such a statement is too vague and conclusory to adequately allege defendant Daugherty was aware of lawsuits or grievances plaintiff filed against him. See Nemet Chevrolet, Ltd., 591 F.3d at 255.

Moreover, plaintiff did in fact file two separate actions in the United States District Court for the Eastern District of North Carolina on May 11, 2020. See Barnes v. Ingram, No. 5:20-CT-3164-M (E.D.N.C.); Barnes v. Coulombe, No. 5:20-CT-3165-D (E.D.N.C.). However, the court requested plaintiff's trust fund information on May 12, 2020, in only one of the cases. See Barnes v. Coulombe, No. 5:20-CT-3165-D (E.D.N.C. May 12, 2020). Defendant Daugherty was not a defendant in this case. See id. Accordingly, plaintiff fails to adequately allege defendants were aware of his protected activities, and he fails to state a claim that his constitutional rights were violated.

5

## CONCLUSION

Based on the foregoing, the court GRANTS defendants' motions to dismiss (D.E. 16, 26).

The clerk is DIRECTED to amend the docket as provided in footnote one and to close this case.

SO ORDERED, this the 17th day of March, 2022.

RICHARD E. MYERS II
Chief United States District Judge

Case 5:20-ct-03214-M   Document 33   Filed 03/17/22   Page 6 of 6